ARMSTRONG v. THE NATIONAL BANK OF WINTERSET.

MISTAKE: BANKS: TRANSMISSION OF MONEY.

*Appeal from Madison Circuit Court.*

MONDAY, APRIL 26.

*J. & B. Leonard*, for appellants.

*Ruby & Wilkin*, for appellee.

ROTHROCK, J.—The facts necessary to be considered in determining this case are as follows: Samuel Armstrong is a shipper of live-stock at Winterset, Iowa. Hall, Patterson & Co. are engaged in the business of receiving and selling live-stock on commission at the Union Stock Yards in Chicago, and to them Armstrong usually consigned the stock shipped by him. Armstrong desired to borrow $600 of Hall, Patterson & Co., and they expressed a will-

ingness to loan him the same in case he would furnish security therefor. Armstrong executed a promissory note, and procured one George Armstrong to execute the same as surety, and sent the note to Hall, Patterson & Co. Before sending the note, Samuel Armstrong had directed Hall, Patterson & Co. to place the borrowed money in the Citizens National Bank of Winterset. By mistake the said Hall, Patterson & Co. caused the money to be placed to the credit of George Armstrong in the National Bank of Winterset. The money was deposited by Hall, Patterson &· Co. in the Union Stock Yard National Bank, and a notice was by said bank forwarded to the National Bank of Winterset, in these words:

"CHICAGO, 1–30, 1879.

"*National Bank of Winterset, Ia.*

"DEAR SIR: I remit to Union National Bank, Chicago, for your credit, for items as specified below.

"Yours truly,

"J. H. VARNULYE & Co.

"Deposited by H., P. & Co., for the use of Geo. Armstrong, $600."

Upon the receipt of this letter the National Bank of Winterset immediately indorsed the amount upon a promissory note which the bank held against Geo. Armstrong. Samuel Armstrong drew a check and signed the name of Geo. Armstrong thereto, and presented it to the bank for payment, and payment was refused. In a day or two thereafter Hall, Patterson & Co. telegraphed to the bank to return the $600 deposited to Geo. Armstrong by mistake. The bank replied by letter, refusing to return the money, and suggesting that the mistake was made in sending the telegram. Thereupon two or three letters were exchanged between the bank and Hall, Patterson & Co., the latter demanding the return of the money, and claiming that it was sent by mistake to Geo. Armstrong, and the former refusing, and saying they thought they understood the whole business. Afterward Hall, Patterson & Co., by telegraph, directed the bank to place the $600 deposited to credit of Geo. Armstrong to credit of Samuel Armstrong; and thereupon the latter drew his check payable to himself and presented it to the bank for payment. Payment was refused, and Samuel Armstrong brought this action to recover the amount of the deposit. There was a trial by jury, and a verdict and judgment for the plaintiff.

The foregoing are all the essential facts in the case. That the money was deposited to the credit of Geo. Armstrong by mistake is not disputed. He disclaims having any business transaction with Hall, Patterson & Co. at any time, and never made any claim to the money. In this state of case it seems incredible that there should have been a protracted jury trial, and that the cause should be presented to this court upon one hundred and five assignments of error.

Of course we cannot notice the assignments of error in detail, and we may as well say that, upon the foregoing undisputed facts, the court should have submitted the case to the jury upon a single instruction, and that the jury should have promptly found for the plaintiff.

Numerous objections were made to the introduction of evidence, among them was the following: The plaintiff sought to prove the manner of trans·

mitting money by deposits in Chicago banks. This evidence was wholly unnecessary, because this transaction needed no explanation. It was a plain business transaction, with nothing peculiar about it. The evidence could not possibly have prejudiced the defendant. The negotiations for the loan between the plaintiff and Hall, Patterson & Co. were also objected to. They were properly admitted. It was incumbent on the plaintiff to show that the money in question was his in fact, and that it had been deposited for the use of Geo. Armstrong by mistake. The letter of advice from the Union Stock Yards National Bank to the defendant stated that the money had been deposited by H. P. & Co. The plaintiff sought to prove that by the initials, H. P. & Co., it was generally understood that Hall, Patterson & Co., was meant, and they introduced a number of letters of a similar character, which had been received by the defendant before the one in question. We suppose it was thought necessary to show that the defendant knew when it received the letter that Hall, Patterson & Co. had made the deposit. The evidence was competent, if any question had been made, that Hall, Patterson & Co. made the deposit. It was, however, unnecessary, because the subsequent correspondence fully established the fact that the defendant knew who the depositor was. Indeed, the record does not show that the defendant refused to correct the mistake because Hall, Patterson & Co. were not the depositors.

It is argued that, upon a deposit being made, the relation of debtor and creditor exists between the bank and the depositor, and that no action can be maintained by the holder of a check until it is accepted. Let all this be admitted. But suppose no mistake had been made, and the money had been deposited for the use of the plaintiff, surely he could maintain an action to recover it, and the defendant is in no position to urge that the money is not the plaintiff's simply because it refused to correct a palpable mistake by placing it to plaintiff's credit. The counsel for defendant contends that it should not be compelled to pay the money to the rightful owner, because the Union Stock Yard National Bank has never changed the order directing the money to be placed to the credit of Geo. Armstrong. The ready answer to this position is that the Union Stock Yard Bank has no beneficial interest in the money. It was but the medium through which it was transmitted to the defendant.

We have taken a general view of this case without entering into detail, and we find no error in the record. Some of the instructions given by the court to the jury were more favorable to the defendant than was warranted by the facts in the case, and those asked by the defendant were properly refused. In short, there is no merit in the defense. If defendant, before it had notice of the mistake, had paid the money to Geo. Armstrong, or if it had in any other way been misled to its prejudice, of course that would be a good defense. But when it received notice of the mistake it was in no way prejudiced. All that was necessary to do was to erase the credit indorsed on Geo. Armstrong's note, and place the money to the credit of the plaintiff, and, as the money never did belong to Geo. Armstrong, the bank would have the same claim against him that it had before the indorsement was made.

AFFIRMED.